UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE TARRANCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>TARA JOHNSON; KIM CRADDOCK; and SAMUEL LEACH,<br><br>　　　　Defendants. | Case No. 1:15-cv-00858---BAM<br><br>**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br><br>THIRTY-DAY DEADLINE |

## INTRODUCTION

Plaintiff Donald Lee Tarrance ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant civil rights complaint alleging violations pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 8, 2015, is currently before the Court for screening.

**A. Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

1

a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

**B.     Plaintiff's Allegations**

Plaintiff brings suit against Deputy Probation Officer Tara Johnson, Assistant Chief Probation Officer Kim Craddock and Chief Probation Officer Samuel Leach, all of the Calaveras Probation Department.

Plaintiff alleges:  On December 22, 2014, Plaintiff was released from a state custody prison hospital in Stockton, California.  He was placed on post-release community supervision. He reported to the Calaveras Probation Department in San Andreas, California, and to probation officer Tara Johnson.  Ms. Johnson forced Plaintiff to wear an ankle monitor, which was attached to his ankle so tight that his foot would become numb and his leg would swell.

Plaintiff suffers from heart disease (A-FIB) and takes blood thinners.  He also suffers from chronic arterial heart fibulation and from chronic back pain.  He has five herniated disks and two crushed disks in his lower back.

Plaintiff was released from the prison hospital after lying in a hospital bed for over a year. Plaintiff could barely walk, and was given a walker and a cane upon his release from the prison hospital.  Plaintiff alleges that Defendants forced him to hitchhike 20 miles to attend drug classes. Plaintiff's motorcycle broke down and for over two months he had to hitchhike from Railroad Flat to San Andreas and then back to Railroad Flat.  This put undue stress on his heart and severe pain on his lower back.  After two months of being forced to hitchhike back and forth to classes,

1 Defendants decided to provide Plaintiff with a ride to and from classes. Plaintiff contends that he
2 still must suffer extreme pain in his back by being forced to ride to class for an hour and then
3 back home for another hour. Plaintiff also must attend classes on Wednesdays for approximately
4 4½ hours and on Friday for approximately 2½ hours. Plaintiff claims that Defendants do not
5 seem to understand that he paroled from a hospital bed and his heart and back cannot stand the
6 stress and strain of sitting for over one hour.

7 Plaintiff has given Defendants a copy of his medical files, but Defendants reportedly
8 refuse to believe that Plaintiff is totally disabled. Plaintiff asserts that he is 60 years old, totally
9 disabled, and walks with the use of walker or cane. Defendants have told Plaintiff that if he
10 misses 3 classes, then he will go to jail for 180 days.

11 Plaintiff contends that he is suffering from cruel and unusual punishment by being forced
12 to attend classes twice a week. Defendants reportedly do not take into account that he is disabled.
13 By forcing him to attend classes, he is suffering from traumatic stress disorder.

14 Plaintiff further alleges that Defendants refuse to allow him to take his medication
15 (medical marijuana) and are therefore guilty of medical negligence. Plaintiff reports that he was
16 taking 60 mg of morphine a day while in prison, but kicked his morphine habit when released
17 from the prison hospital. The morphine made him sick to his stomach, so he smoked medical
18 marijuana. Defendants told Plaintiff that he was not allowed to get a medical marijuana card and
19 would rather he take morphine. Defendants reportedly claimed that the probation department was
20 federally funded and the Federal government does not recognize medical marijuana. Plaintiff
21 contends that if he does not stop smoking medical marijuana, Defendants will not remove his
22 ankle monitor and send him to jail.

23 Plaintiff went to the doctor and was given marijuana pills, but they do not work the same
24 as medical marijuana. Defendants reportedly stated that it was okay to take high-powered drugs,
25 such as cocaine, oxycodone, and morphine, but not medical marijuana. Plaintiff alleges that
26 Defendants are inflicting emotional distress and are guilty of a civil conspiracy. Plaintiff believes
27 that Defendants are trying to kill him by forcing him to attend classes. Defendants reportedly
28 have failed to protect his health and safety by denying him medical marijuana and by forcing him

to attend classes, wear an ankle monitor and hitchhike to classes. Plaintiff contends that he should not have to report to probation or classes and that probation should come to him.

As relief, Plaintiff seeks $250,000 in monetary damages, along with termination of probation, removal of the ankle brace and a restraining order against Defendant Tara Johnson. (Doc. 1 at 3.)

## DISCUSSION

### A. Probation Conditions

Plaintiff appears to bring a constitutional challenge to the imposition and enforcement of three probation conditions: (1) ankle monitoring; (2) attendance at classes; and (3) a prohibition against the use of medical marijuana. Ordinarily, a challenge to such conditions is not considered an attack on an underlying conviction or sentence and is properly brought in a section 1983 action. *See*, *e.g.*, *Thornton v. Brown*, 757 F.3d 834, 838, 841 (9th Cir. 2013) (attack on parole conditions). However, in this instance, Plaintiff seeks termination of his probation. Such a challenge to the fact or duration of his "custody" must be done through a habeas proceeding. *Id.* at 841.

To the extent Plaintiff is solely challenging the constitutionality of his probation conditions, it is unclear whether the conditions at issue were imposed by the state court at sentencing or whether they were independently imposed by Defendants. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Plaintiff has stated the facts underlying his complaint, but it is not clear that he has established a violation of federal law that is properly before this Court. Plaintiff will be given leave to cure this deficiency.

### B. Deliberate Indifference to Medical Needs

Insofar as Plaintiff is suing probation officers for deliberate indifference to serious medical needs, he has failed to state a cognizable claim. The Court applies the same standards to

a medical claim by a probationer as to a prisoner's claim under the Eighth Amendment. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (court applies same standard to claim arising under Fourteenth Amendment as to prisoners' claims under the Eighth Amendment); *Farmer v. Dir. of Ariz. Adult Prob. Dep't*, No. CV 09-2543-PHX-RCB (MEA), 2010 WL 148221, *4 (D. Ariz. Jan. 8, 2010) (applying Eighth Amendment standard to claim against probation officer for deliberate indifference to serious medical needs). To maintain a medical claim, a plaintiff must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.2012).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Ankle Monitor

Plaintiff alleges that Defendant Johnson attached Plaintiff's ankle monitor so tight that his foot would become numb and his leg would swell. However, there is no indication that Defendant Johnson knew the ankle monitor was too tight, that placement of Plaintiff's ankle monitor would result in injury or pain, that Plaintiff reported any such issue to Defendant Johnson or that Plaintiff otherwise requested that any of the defendants make adjustments to his ankle monitor.

Transportation and Classes

Plaintiff claims that Defendants forced him to hitchhike. This is not sufficient to state a claim. There is nothing in the factual allegations demonstrating that any defendant was responsible for the breakdown of Plaintiff's motorcycle or that they were aware no other

1 transportation options were available. Further, Plaintiff contends that defendants subsequently
2 made rides available to him.

3 Plaintiff also alleges that defendants collectively forced him to ride in a car for an hour
4 and attend classes more than an hour in length, both of which put a strain on his back because he
5 cannot sit for more than one hour. This allegation is not sufficient to state a deliberate
6 indifference claim. First, Plaintiff has not linked any particular defendant to this claim. Second,
7 Plaintiff has not demonstrated that any defendant knew of a serious risk of harm to Plaintiff from
8 attending classes or riding in a car. Third, there is no indication that Plaintiff is forced to sit for
9 more than one hour in class. In other words, there are insufficient facts to suggest that Plaintiff
10 cannot stand for brief periods in class or that he is prevented from taking breaks.

11 <u>Medical Marijuana</u>

12 Plaintiff cannot state a deliberate indifference claim regarding the prohibition of medical
13 marijuana. At the most basic level, Plaintiff has not established that other pain medications or
14 therapies are unavailable to him.

15 **C.   Leave to Amend**

16 "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
17 requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)
18 (quoting former Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding pro se, he will be given an
19 opportunity to amend his claims to cure the identified deficiencies.

20 **CONCLUSION AND ORDER**

21 Plaintiff's complaint fails to state a cognizable claim. As noted above, the Court will
22 provide Plaintiff with the opportunity to file an amended complaint to cure the identified
23 deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the
24 nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*,
25 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

26 In the amended complaint, Plaintiff shall state as briefly as possible the facts of the case,
27 describing how each defendant is involved. For each claim, Plaintiff shall clearly and succinctly
28 state the facts identifying the actions or omissions by each individual defendant that led to a

knowing violation of Plaintiff's federal rights.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff should omit any case law or legal analysis and argument.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a cognizable claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

**3. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **October 2, 2015**              /s/ Barbara A. McAuliffe           _
                                         UNITED STATES MAGISTRATE JUDGE